UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL JOHNSON, | No. 2:23-cv-1934 CKD P |
| Petitioner, | |
| v. | ORDER AND |
| S. SALMONSON,[1] | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2241. He is serving a federal sentence and is incarcerated at F.C.I. Herlong. This court has jurisdiction over the petition as petitioner challenges the execution of his sentence. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

On September 16, 2021, in the United States District Court in Arizona, petitioner was sentenced to 46 months in prison with 12 months of the sentence running "retroactively concurrent" with petitioner's sentence imposed in Superior Court of Merced County Case No. 16-CR-07231. United States v. Johnson, 4:19-cr-1274 JCH MSA, ECF No. 81. The sentencing judge apparently believed that petitioner's sentence in the Merced County case had not yet been entirely served. ECF No. 13-1 at 31. In fact, the Merced County sentence was completed as of

---

[1] S. Salmonson is hereby substituted as respondent because he is the Warden at petitioner's place of incarceration, F.C.I. Herlong. 28 U.S.C. § 2242.

1

July 16, 2021.  Id. at 18.  Petitioner was transferred from California state custody to federal custody on February 14, 2020, and has remained in federal custody since then.  Petitioner was given credit of 61 days for the time he was in custody between the expiration of the Merced County sentence and the federal sentencing date.  Id. at 17.  His current projected release date is October 21, 2024.  Id. at 15.

Petitioner argues that his release date should be advanced by 12 months minus the 61 days of sentence credit received to reflect the sentencing judge's statement that 12 months of his sentence should run "retroactively concurrent" to petitioner's Merced County sentence.  At sentencing, the court indicated that it was the court's intent that petitioner serve 34 months from the date of sentencing.  ECF No. 13-1 at 23.  However, this was premised upon an argument by petitioner's counsel that – had petitioner remained in California custody and not been transferred to federal custody – he would have been released on parole as much as 19 months before he was sentenced in federal court.  ECF No. 110 at 6-7.  Petitioner's Merced County sentence was a determinate 11-year sentence, ECF No. 13-1 at 18, and nothing suggests that had petitioner remained in California he would have been released at any point before his sentence expired.  Further, as respondent argues, because there was no California sentence of imprisonment left to serve at the time the federal court imposed its sentence, petitioner's release date has been accurately calculated.   Even if petitioner had some state sentence left to serve at the time he was sentenced, the federal sentence could run concurrently only with the remaining portion of the state sentence.  See Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983) ("Precedent in point confirms that a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner.  Rather, the second sentence runs together with the remainder of the one then being served.")

For all the forgoing reasons, petitioner is not entitled to relief under 28 U.S.C. § 2241.

Good cause appearing, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

/////

/////

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus be denied;

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 6, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
john1934.2241