UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL JOHNSON, | No. 2:23-cv-1934 KJM CKD P |
| Petitioner, | |
| v. | ORDER |
| S. SALMONSON, | |
| Respondent. | |

  Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On May 7, 2024, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 16. Petitioner filed a response reiterating his belief that the sentencing judge intended his sentence to be twelve months shorter than the Bureau of Prisons has calculated. ECF No. 17.

  The court has reviewed the record and the Magistrate Judge's conclusions de novo. Having reviewed the file, the court adopts the findings and recommendations in full, writing separately here only to clarify its understanding of the record and the relevant law.

/////

1

The sentencing judge intended for Mr. Johnson to receive twelve months' credit for his incarceration in California. *See* Sentencing Hr'g Tr. at 21, *United States v. Darrell Johnson*, No. 19-1274 (D. Ariz. Sept. 16, 2021), ECF No. 110 ("Mr. Johnson, the sentence is 46 months, and then you're given—12 months of that will be concurrent retroactive. So basically 12 months you've already served, and then the remaining 34 months you're going to serve consecutive. . . . My sentence—my intention is with his sentence is that he'll be serving 34 months going forward. That's my intention."). It is unclear whether the sentencing judge believed Mr. Johnson had not completed his California sentence at the time his federal sentence was imposed in September 2021. *See, e.g., id.* at 6 ("As I understand, what you're asking me to do would be a retroactive concurrent sentence because he's been serving time in California on another offense . . . ."). But Johnson had in fact completed his California term in July 2021, before his federal sentence was imposed. *See* App'x to Opp'n at 4 ¶ 12, ECF No. 13-1 ("By letter dated June 15, 2020, from a Correctional case Records Manager at the California Correctional Center, the USMS was advised that Petitioner had a parole release date of July 16, 2021, and that, as of that date, the CDCR would have no further interest in him. . . . Accordingly, as of July 16, 2021, exclusive custody of Petitioner was relinquished to the USMS."); *id.* at 42 ("Above subject is in your custody. Subject has a parole release date of 7/16/2021 as of this date CDCR has no further interest in this subject." (emphasis omitted)).

A federal sentence cannot commence before it is imposed. *Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011). For that reason, a federal sentence cannot overlap with a previously completed term of confinement, *see id.* at 1249–50, and a federal sentence "may not be imposed to run concurrently with a discharged term of imprisonment," *United States v. Brewer*, 770 F. App'x 361, 362 (9th Cir. 2019) (unpublished).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 16) are adopted in full;

2. Petitioner's petition for a writ of habeas corpus is denied;

3. This case is closed; and

/////

1          4.  The court declines to issue the certificate of appealability referenced in 28 U.S.C.
§ 2253.

DATED:  August 16, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE